James R. Denlea (JD-4610)
Peter N. Freiberg (PF-1561)
DENLEA & CARTON LLP
2 Westchester Park Drive
Suite 410
White Plains, New York  10604
914-331-0100
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM THOMAS CLARK and
TDA CONSTRUCTION, INC.,

|  |  |  |
|---|---|---|
| | Plaintiffs, | Civil Action No. 7:17-cv-7233 |
| -against- | | **COMPLAINT** |

QMG GLOBAL HOLDINGS, LLC, F/K/A
QUANTITATIVE STRATEGIES GROUP, LLC,
QMG FOUNDERS I, LLC,
QMG INVESTORS, L.P.,
JOHN A. BRUNJES, INDIVIDUALLY,
JOHN A. BRUNJES, AS TRUSTEE OF THE
JOHN W. BRUNJES ESTATE TRUST, and
JOSEPHINE M. BRUNJES,

                              Defendants.
----------------------------------------------------------------X

    Plaintiffs, William Thomas Clark and TDA Construction, Inc., respectfully file this

Complaint against Defendants, (i) QMG Global Holdings, LLC, F/K/A Quantitative

Strategies Group, LLC, (ii) QMG Founders I, LLC, (iii) QMG Investors, L.P., (iv) John A.

Brunjes Individually, (v) John A. Brunjes As Trustee of the John W. Brunjes Estate

Trust, and (vi) Josephine M. Brunjes, upon representing as follows:

### PARTIES

    1.    Plaintiff, William Thomas Clark ("Clark"), is a natural person of full age of

majority domiciled and residing in the State of New York, County of Westchester.  Clark

sues herein Individually and as the Beneficiary and Administrator of The William Thomas Clark IRA (the "Clark IRA"), the Custodian of which is RBC Capital Markets, LLC. The Clark IRA is a self-directed individual retirement account and Clark was and is the sole individual responsible for making the investment decisions and actions on behalf of the individual retirement account.  Accordingly, Clark is the real party in interest pursuant to Fed. R. Civ. P. 17(a).

2.      Plaintiff, TDA Construction, Inc. ("TDA") is a business corporation organized under the laws of the State of New York, with its principal place of business located in the State of New York, County of Westchester.

3.      Defendant, QMG Global Holdings, LLC, F/K/A Quantitative Strategies Group, LLC ("Quantitative Strategies") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in the State of Connecticut, County of Hartford.

4.      Defendant, QMG Founders I, LLC ("QMG Founders"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in the State of Connecticut, County of Hartford.

5.      Defendant, QMG Investors, LP ("QMG Investors"), is a limited partnership organized under the laws of the State of Delaware with its principal place of business located in the State of Connecticut, County of Hartford.

6.      Defendant, John A. Brunjes ("John Brunjes") is a natural person of full age of majority domiciled and residing in the State of Connecticut, County of Hartford.  John Brunjes is sued herein in his individual capacity, and also in his capacity as Trustee of The John W. Brunjes Estate Trust, which, upon information and belief, is a testamentary

2

trust created within, and residing within, the State of Massachusetts.

7.     Defendant, Josephine M. Brunjes ("Josephine Brunjes"), is a natural person of full age of majority domiciled and residing in the State of Massachusetts, County of Berkshire.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiffs Clark and TDA are citizens of the State of New York.  Quantitative Strategies, QMG Founders and QMG Investors are citizens of the State of Delaware where they are organized, and are citizens of the State of Connecticut where they have their principal places of business. John Brunjes in his individual capacity is a citizen of the State of Connecticut.  John Brunjes in his capacity as Trustee of the John W. Brunjes Estate Trust is a citizen of the State of Connecticut, as it is the citizenship of the trustee of a testamentary trust that is used to determine diversity jurisdiction. Josephine Brunjes is a citizen of the State of Massachusetts.

9.     This Court has personal jurisdiction over Defendants because they have done business in this federal judicial district, solicited Plaintiffs in this federal judicial district, and committed tortious acts in this federal judicial district; and venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claims occurred in this federal judicial district, and because Defendants agreed that venue is proper in this federal Judicial District in some of the commercial instruments at issue in this action.

## FACTS

10.     In 2013 and 2014, Plaintiffs and Defendants entered into a series of written commercial instruments, each of which is described in a separately numbered paragraph below.

11.     Quantitative Strategies issued a Convertible Promissory Note dated February 14, 2013 in the amount of $100,000 payable to TDA.  This instrument is signed by John Brunjes as President and Chief Executive Officer of Quantitative Strategies.  The Maturity Date (absent a change in control transaction or an event of default by Quantitative Strategies) on which the principal and all accrued interest was due was February 14, 2014.

12.     Quantitative Strategies issued a Convertible Promissory Note dated May 6, 2013 in the amount of $50,000 payable to Clark, Individually.  This instrument is signed by John Brunjes as President and Chief Executive Officer of Quantitative Strategies. The Maturity Date (absent a change in control transaction or an event of default by Quantitative Strategies) on which the principal and all accrued interest was due was May 6, 2014.

13.     The John W. Brunjes Estate Trust, as Borrower, issued a Mortgage Note dated December 31, 2013 in the amount of $1 million payable to the Clark IRA.  This instrument was signed by The John W. Brunjes Estate Trust, by John Brunjes as Trustee, and Josephine Brunjes, by John Brunjes her Agent under a Power of Attorney dated December 28, 2013 (upon information and belief, The John W. Brunjes Estate Trust and Josephine Brunjes are the co-owners of the property subject to the Mortgage Note).  The Mortgage Note provides for an initial interest rate of 5.5% per annum, and at

4

its initial rate and during its initial term required The John W. Brunjes Estate Trust to make monthly payments in the amount of $8,170.83 beginning on February 1, 2014 and continuing until December 31, 2018.

14.    QMG Founders issued a Term Note dated January 1, 2014 payable to the Clark IRA in the amount of $1 million. The note bears a term of 10 years and requires during the first five years that interest be paid to the Clark IRA in the monthly amount of $8,170.83.  It also provides for personal recourse against the beneficial owners of QMG Founders in certain circumstances.  The Term Note is signed by John Brunjes, Managing Member of QMG Founders.

15.    QMG Founders issued a "Side Letter" agreement dated January 1, 2014 which was drafted on the letterhead of QMG Investors by John Brunjes, and which is signed by Clark as Administrator of the Clark IRA.  The "Side Letter" purports to modify and supplement the Term Note referenced in paragraph 14 immediately above, by apparently assigning the monies loaned by the Clark IRA to QMG Founders pursuant to the Term Note, to enable QMG Founders to participate in a debt transaction involving the real estate owned by The John W. Brunjes Estate Trust and Josephine Brunjes, the same real estate referenced in paragraph 13 immediately above.  The Side Letter is acknowledged by John Brunjes as Trustee of The John W. Brunjes Estate Trust, and Josephine Brunjes, by John Brunjes her agent under a Power of Attorney dated December 30, 2013.

16.    The John W. Brunjes Estate Trust, as guarantor, made a "Guarantee Agreement" dated January 1, 2014 in favor of the Clark IRA. In this "Guarantee Agreement," The John W. Brunjes Estate Trust guaranteed the obligation of QMG

Founders pursuant to a Term Note in the principal amount of $500,000.

17.     Pursuant to the above-referenced commercial instruments, Clark, the

Clark IRA, and TDA, loaned and transferred funds to various of the Defendants, as

follows:

     a.     TDA advanced $100,000 to Quantitative Strategies on or after the
date of the Convertible Promissory Note referenced in Paragraph
11 above;

     b.     Clark advanced $50,000 to Quantitative Strategies on or after the
date of the Convertible Promissory Note referenced in Paragraph
12 above;

     c.     On January 27, 2014, the Clark IRA advanced $1 million to QMG
Founders; and

     d.     On February 3, 2014, the Clark IRA advanced an additional
$300,000 to QMG Founders.

18.     Despite the fact that Clark, the Clark IRA, and TDA loaned, advanced

and/or transferred a total of $1.45 million to one or more the various Defendants, only

$39,219.96 was timely repaid.  No payments were timely made under the Convertible

Promissory Notes.  No money was timely repaid to TDA, and a mere six payments,

each in the amount of $6,536.66 totaling $39,219.96, were timely made to the Clark

IRA.

19.     Subsequent to the payments described in the immediately preceding

Paragraph, a few minor payments were made, Defendants thereby acknowledging the

validity of the agreements and the debts owed thereunder, but only after legal demand

was made upon Defendants.   Despite repeated promises to Clark to do so, and despite

further personal and legal demands, Defendants have not satisfied their contractual

obligations under the various commercial instruments, and are in default of the

commercial instruments.

20.     The loans and transfers of funds made by Clark and TDA to various of the Defendants as described above were made after John Brunjes solicited money for the "QMG enterprise" promoted, managed, operated and controlled by John Brunjes using the entities QMG Strategies, QMG Founders and QMG Investors. Clark and TDA's loans and transfers to the QMG enterprise promoted, managed, operated and controlled by John Brunjes were based upon misrepresentations made by John Brunjes to Clark and TDA that the enterprise was creditworthy and would be successful in its endeavors, and that the various loans, advances and transfers of money would be repaid timely.

21.     John Brunjes, Quantitative Strategies, QMG Founders and QMG Investors never intended to fully repay the loans, advances and transfers of money that Clark and TDA made, or to guarantee the repayment thereof.

22.     When he solicited the loans, advances and transfers of money from Clark and TDA, John Brunjes misrepresented to Clark and TDA that the QMG enterprise was based upon a proprietary system of trading methodology and technology that would be successfully developed and implemented by the QMG enterprise.

23.     John Brunjes represented to Clark that some of the funds he advanced would be used to "test" the proprietary tracking system being developed and implemented by the QMG enterprise. Approximately $500,000 of the funds were used to test the trading system, which did not result in any earnings for Clark, TDA or the Clark IRA, and which actually resulted in losses. However, John Brunjes, acting on behalf of the QMG enterprise, concealed the losses by failing to provide Clark with any written documentation as to how the $500,000 was invested or the results of those investments.

24.     John Brunjes executed the Mortgage Note with no intent to actually execute a mortgage that would provide Clark and/or the Clark IRA with collateral for the Mortgage Note.  Although he represented that he would grant an actual mortgage to collateralize the loan, John Brunjes never intended to grant such a mortgage because he did not want to encumber property that was part of his inheritance.

25.     Furthermore, when he signed the Mortgage Note, John Brunjes failed to inform Clark that the rental income for the property, which would otherwise be dedicated to paying the monthly installments of the amounts due under the Mortgage Note, had been attached in a previous lawsuit, such that there was little to no likelihood that the loan would be repaid.  This was a deliberate omission of a material fact, omitted with the intent to deceive Clark.

26.     The representations made by John Brunjes regarding the proprietary system of trading methodology and technology were untrue and incorrect.  John Brunjes made the representations regarding the proprietary system trading methodology and technology with knowledge of the fact that said representations were untrue and incorrect, or with reckless disregard for the truth of the matters represented.

27.     The representations that John Brunjes made to Clark and TDA in order to induce them to make the loans, advances and transfers were untrue, and John Brunjes made the representations knowing that they were untrue and with intent to deceive Clark and TDA.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

28.     Plaintiffs repeat and re-allege those allegations made in Paragraphs 1 through 27 above, as if set forth in this First Cause of Action.

8

29.  Binding contracts and agreements, as set forth in Paragraphs 11 through 16 above, exist between Clark and TDA, on the one hand, and Quantitative Strategies, QMG Founders, QMG Investors, John Brunjes, Josephine Brunjes and the John W. Brunjes Estate Trust, on the other hand.

30.  Defendants have breached the binding contracts and agreements.

31.  As a result of Defendants' breaches of the binding contracts and agreements, Clark and TDA have been damaged.

## SECOND CAUSE OF ACTION
## FRAUD

32.  Plaintiffs repeat and re-allege those allegations made in Paragraphs 1 through 27 above, as if set forth in this Second Cause of Action.

33.  John Brunjes made misrepresentations of material fact to Clark and TDA in order to induce them to make the loans, advances and transfers.

34.  John Brunjes omitted to disclose to Clark and TDA material facts in order to induce them to make the loans, advances and transfers.

35.  John Brunjes made the misrepresentations of material fact to Clark and TDA with actual knowledge that the misrepresentations were untrue, or with reckless disregard for the truth of the matters represented.

36.  Clark and TDA reasonably relied upon the representations made by John Brunjes.

37.  As a result of the foregoing, Clark and TDA have been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, William Thomas Clark and TDA Construction, Inc. request judgment against Defendants, QMG Global Holdings, LLC F/K/A Quantitative

Strategies Group, LLC, QMG Founders I, LLC, QMG Investors, L.P., John A. Brunjes Individually, John A. Brunjes As Trustee of the John W. Brunjes Estate Trust, and Josephine M. Brunjes, as follows:

A.      An award of compensatory and punitive damages against Defendants jointly and severally, in an amount to be determined at trial, together with interest;

B.      An award of costs, disbursements and attorneys' fees to the fullest extent permitted by law and/or applicable contract; and

C.      Granting such other relief as the Court deems just and proper, together with interest, attorneys' fees, costs and disbursements incurred in connection with this action.

A JURY TRIAL IS DEMANDED.

Dated:     White Plains, New York
             September 22, 2017

DENLEA & CARTON LLP

By:   _____
        James R. Denlea (JD-4610)
        Peter N. Freiberg (PF-1561)
        2 Westchester Park Drive, Suite 410
        White Plains, New York 10604
        (914) 331-0100
        *Attorneys for Plaintiffs*
        *William Thomas Clark and*
        *TDA Construction, Inc.*